```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------

ABDUL KHALIQ VAYANI,

                 Plaintiff,        24-cv-196 (JGK)

      - against -           MEMORANDUM OPINION AND ORDER

146 WEST 29TH STREET OWNERS CORP.,
ET AL.,

                 Defendants.

------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Abdul Khaliq Vayani, brings this action pro se against his employer and various managers[1] ("the Employer Defendants"); Service Employees International Union, Local 32BJ and various managers and employees of that union[2] ("the Union Defendants"); and the Union's benefit funds and its various trustees and administrators[3] ("the Funds Defendants"). For the second time in this Court, the plaintiff alleges violations of a variety of federal and state laws related to the plaintiff's

---

[1] The Employer Defendants are 146 W. 29th Street Owners Corporation ("Owners Corp."), Owners Corp.'s president and majority shareholder Manohar Pohani, Owners Corp.'s board member and shareholder Jay Kapadia, Berik Management, and Berik Management's president Rikin Sheth.

[2] The Union Defendants are Local 32BJ of the Service Employees International Union ("Local 32BJ"), and individual defendants Kyle Bragg, Kevin J. Doyle, Todd Jenning, Denis Johnston, Michael Graham, Thomas Giordano, John Doe and Jane Doe, all in their capacities as officers of Local 32BJ and/or the Service Employees International Union ("SEIU").

[3] The Funds Defendants are Michael Fishman, Hector Figueroa, Brian Lambert, Kyle Bragg, Larry Engelstein, John Pagnatta, Lenore Friedlander, Susan Cowell, Regine Breton, Angelo Dascoli, Linda Nelson, Alan Snyder, Howard Rothschild, John Santora, Charles Dorego, and Fred Ward, all in their official capacities as trustees, employer trustees, and/or administrators of various Local 32BJ funds.

1

attempts to join Local 32BJ and gain coverage under the relevant Collective Bargaining Agreement ("CBA").

The Employer Defendants, Union Defendants, and Funds Defendants each move to dismiss all claims against them pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). ECF Nos. 48, 58, 70. In the alternative, the Funds Defendants and the Employer Defendants request to convert their motions to dismiss into motions for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. See ECF Nos. 49, 65.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).[4] The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

To survive a motion to dismiss, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

---

[4] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

The Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (emphasis in original). However, the "special solicitude in pro se cases has its limits," Liverpool v. City of New York, No. 19-cv-5527, 2020 WL 5995028, at *1 (S.D.N.Y. Oct. 9, 2020), and a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of

3

which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Funds Defendants and the Employer Defendants have filed documents in connection with their pending motions. However, throughout this Memorandum Opinion and Order, the documents referred to or relied upon are documents that are properly considered at the pleadings stage. See Chambers, 282 F.3d at 153. Accordingly, the defendants' motions are not converted into motions for summary judgment. See Hayden v. Cnty. Of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

## II.

### A.

On March 10, 2016, the plaintiff filed a lawsuit in this Court (the "2016 Action"). Vayani v. 146 West 29th Street Owners Corp., No. 16-cv-1774, 2017 WL 3476046, at *4 (S.D.N.Y. Aug. 11, 2017) ("Vayani I"). Because the plaintiff's initial complaint in the 2016 Action contained no factual allegations, the Court ordered the plaintiff to amend his complaint. Id. The plaintiff then filed an Amended Complaint on July 8, 2016, and a Second Amended Complaint on December 16, 2016. Id.

The plaintiff's Second Amended Complaint alleged the following:

In April 1990, the plaintiff was employed as a security guard by 146 West 29th Street Owners Corporation ("Owners Corp."). Berik Management is the managing agent of Owners Corp. Owners Corp. had a CBA with union Local 32BJ but the agreement was unclear as to whether it applied to security guards. Throughout his employment, the plaintiff made a number of unsuccessful attempts to join Local 32BJ and gain coverage under the CBA.

Sometime in 2006, auditors for the Funds [D]efendants audited Berik Management's accounts and determined that Berik Management should have made contributions to certain funds on Vayani's behalf. While Berik Management disputed the claim, it ultimately settled with the Funds [D]efendants by depositing $26,263.79 into benefits accounts on the plaintiff's behalf for the years 2004 and 2005, but the settlement did not explicitly address the issue of whether the plaintiff was covered by the CBA. However, by March 19, 2008, Owners Corp. and Local 32BJ entered into a "Letter of Agreement" and explicitly agreed that "security guards are specifically excluded from coverage under the CBA." It further appears that Berik Management made contributions to the plaintiff's Supplemental Retirement and Savings Fund account as recently as November of 2008.

Upon learning that Owners Corp. had deposited funds on his behalf, the plaintiff engaged counsel to look into the matter. The issue was brought before an arbitrator, with the Funds [D]efendants claiming that the plaintiff was covered under the CBA. According to the Arbitration Award, counsel for the Funds [D]efendants notified the plaintiff of the hearing, but he did not attend. The arbitrator ultimately concluded that the plaintiff was not a member of the union and was not covered under the CBA, stating that the plaintiff had "been treated by his employer . . . and the Union as non-covered by the CBA during the period of his tenure, that such treatment was memorialized in the 2008 side letter, and that such treatment was not unreasonable under the

5

>    circumstances." The plaintiff was notified of the arbitrator's decision and received a copy of the Arbitration Award on March 13, 2010.
>
>    After the Arbitration Award, it appears that the Funds [D]efendants returned the $26,263.79 to the Employer [D]efendants, as well as $2,131.25 of the amounts previously contributed to the plaintiff's Supplemental Retirement Savings Fund. According to the plaintiff, a balance of $1,352 remains in his Supplemental Retirement Savings Fund.
>
>    Thereafter, the plaintiff continued to attempt to get information regarding coverage under the CBA and his status as a union member from the Employer [D]efendants, Union [D]efendants, and Funds [D]efendants. The plaintiff alleges that he did not receive any documentation from any of these requests, with the exception of one response to 2013 letters he sent to Local 32BJ.
>
>    In December 2007, the plaintiff filed Charges of Discrimination against Berik Management with the Equal Employment Opportunity Commission ("EEOC"). Berik Management served a position statement in response on October 15, 2008. In December of 2008, the EEOC dismissed the charges and sent the plaintiff a right to sue letter, but the plaintiff did not pursue the claim because his son was diagnosed with leukemia.

Id. at *3-4 (citations omitted). In short, the plaintiff alleged that the defendants had conspired to prevent him from joining Local 32BJ and thereby obtaining certain benefits.

In the 2016 Action, the defendants moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6). Id. at *1. On August 11, 2017, finding that the plaintiff's claims were time-barred or collaterally estopped, and that the plaintiff lacked standing to bring certain claims, this Court granted the defendants' motions. Id. at *4-9. On August 14, 2017, the Clerk

6

entered judgment dismissing the 2016 Action. Case No. 16-cv-1774, ECF No. 109. The plaintiff appealed. Case No. 16-cv-1774, ECF No. 110. On June 7, 2018, the Second Circuit Court of Appeals affirmed Vayani I. Vayani v. 146 West 29th Street Owners Corp., 726 F. App'x 71 (Mem) (2d Cir. June 7, 2018) (summary order).

**B.**

On January 8, 2024, over six years after the entry of judgment in the 2016 Action, the plaintiff brought this action. ECF No. 1. The plaintiff's initial complaint in this case totaled 472 pages and attached another 463 pages in exhibits. See id. On April 4, 2024, this Court held a pre-motion conference with the parties. ECF No. 42. At that conference, the Court provided the plaintiff with the opportunity to file an amended complaint that would satisfy the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure. See id. at 5–7; ECF No. 17. The Court also directed the plaintiff to consider contacting the free legal assistance clinic for pro se litigants. ECF No. 42 at 4–5; ECF No. 17.

On July 15, 2024, the plaintiff filed the operative First Amended Complaint ("FAC"). ECF No. 31. The FAC totals 304 pages and alleges at least thirty causes of action. Id. However, the FAC largely recycles allegations from the Second Amended Complaint filed in the 2016 Action. See generally id. The

7

factual allegations in the FAC are accepted as true for purposes of the present motions to dismiss.

The FAC alleges only a few new facts. First, the plaintiff alleges that he received a letter dated May 24, 2019 from the defendant Regine Breton at the 32BJ Pension Fund that listed an identification number (686511) and stated, "The record of the Building Service 32BJ Pension Fund (the "Plan") show that you are approaching Normal Retirement Age (65), are vested in your pension benefits and are no longer working in employment covered by the plan." Id. ¶ 122. After receiving that letter, the plaintiff wrote a letter to the defendant Hector Figueroa. Id. ¶ 123. The plaintiff alleges that, on Figueroa's behalf, the "Director of Compliance Peggy Napier" responded to the plaintiff via letter dated July 15, 2019, providing a plan number (094163) and explaining that the May 24, 2019 letter was sent in error. Id.

Second, on January 9, 2020, the plaintiff went to the 32BJ Union Office and filled out an enrollment form. Id. ¶ 47. According to the plaintiff, the officer wrote an identification number on the form (686511) but told the plaintiff that he was "not in the Contract." Id.

Third, on May 27, 2021, the plaintiff received "Important Retirement Plan Information from Building Service 32BJ Supplemental Retirement Saving Plan." Id. ¶ 61(c). The plaintiff

8

alleges that the receipt of such information proves that he is a "Union Member and Participant." Id.

These new factual allegations form the basis of the plaintiff's claims in Counts 2 and 3, which allege that a fraud on the court has been perpetuated and that the prior judgment against the plaintiff should be vacated pursuant to Federal Rule of Civil Procedure 60. The other counts brought in the FAC are based on factual allegations recycled from the 2016 Action.[5]

### III.

The plaintiff asserts a variety of claims related to his exclusion from Local 32BJ and coverage under the CBA. Pointing to Vayani I, the defendants argue that the doctrines of claim and issue preclusion estop the plaintiff from asserting such claims. ECF Nos. 50, 59, 71.

### A.

"Under the doctrine of . . . claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." TechnoMarine SA v. Giftports, Inc.,

---

[5] The FAC also argues extensively that Vayani I and the appellate court's decision affirming Vayani I were wrongly decided. See, e.g., id. ¶ 7. But the Court is not required to accept the plaintiff's legal conclusions. Iqbal, 556 U.S. at 678. In any case, this Court and the court of appeals have rejected already the plaintiff's legal arguments. To the extent the plaintiff seeks, in this action, to challenge Vayani I and the appellate court decision affirming Vayani I, the plaintiff "has exhausted the available means for seeking appellate review and cannot seek further review now." McKoy v. Potter, 6-cv-1186, 2006 WL 1676475, at *2 (S.D.N.Y. June 15, 2006).

9

758 F.3d 493, 499 (2d Cir. 2014). But "given the liberal rules regarding joinder of claims, claim preclusion does not bar every claim that could have been raised in a prior action. Rather, for claim preclusion to apply, the later suit must involve the same cause of action as the earlier suit." Cayuga Nation v. Tanner, 6 F.4th 361, 375 (2d Cir. 2021). "Suits involve the same claim (or cause of action) when they arise from the same transaction or involve a common nucleus of operative facts." Lucky Brand Dungarees v. Marcel Fashions Grp., 590 U.S. 405, 412 (2020).

"[F]or the purpose of analyzing claim preclusion, the scope of the litigation is framed by the complaint at the time it is filed." Tanner, 6 F.4th at 376. Consequently, "where the facts that have accumulated after the first action are enough on their own to sustain the second action, the new facts clearly constitute a new 'claim,' and the second action is not barred by claim preclusion." Id. (quoting Storey v. Cello Holdings, LLC, 347 F.3d 370, 383 (2d Cir. 2003)).

The 2016 Action and the present case involve the same "claim" because, with the few exceptions noted above, the plaintiff's allegations in the two cases involve a common nucleus of operative facts. Namely, except for Counts 2 and 3, the plaintiff's claims in this case arise out of his claim that the defendants conspired to prevent him from joining Local 32BJ and thereby obtaining certain benefits. Accordingly, under the

10

doctrine of claim preclusion, the plaintiff is precluded from bringing any claims against the defendants based on incidents that had occurred already when the Second Amended Complaint in the 2016 Action was filed. See, e.g., Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 110-12 (2d Cir. 2000).

**B.**

Issue preclusion also bars most of the plaintiff's claims. Under New York law, issue preclusion contains two elements: "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." Jenkins v. City of New York, 478 F.3d 76, 85 (2d Cir. 2007) (quoting Juan C. v. Cortines, 679 N.E.2d 1061, 1065 (N.Y. 1997)).

Similarly, "[u]nder federal law, a party is collaterally estopped from relitigating an issue if a four-part test is met: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." Westchester v. U.S. Dep't of Hous. & Urb. Dev., 778 F.3d 412,

417 (2d Cir. 2015) (quoting Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998)).

In Vayani I, this Court held that "the plaintiff is collaterally estopped from pursuing claims seeking coverage under the CBA." 2017 WL 3476046, at *5. This Court also held that "[b]ecause the Arbitration Award determined that the plaintiff was not a member of Local 32BJ and not covered under the CBA, the plaintiff has no standing to sue the Union [D]efendants for breach of their constitution and bylaws." Id. Therefore, in this action, because the elements of issue preclusion are met under both New York and federal law, the plaintiff is precluded from bringing any claims challenging the defendants' exclusion of the plaintiff from Local 32BJ and the CBA.

c.

Moreover, in Vayani I, this Court determined that the following claims were barred under the applicable statutes of limitations: claims brought pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq., and 42 U.S.C. § 1981; claims alleging fraud; and the claim for a vacatur of the Arbitration Award. 2017 WL 3476046, at *6-9. This Court also held that equitable estoppel under New York law and equitable tolling under federal law did not apply. Id. at *9.

12

The claims that were held to be time-barred in the 2016 Action remain time-barred in this case, which was brought over six years after the entry of judgment in the 2016 Action.

Accordingly, except for Counts 2 and 3, the plaintiff's claims are barred by claim preclusion, issue preclusion, and/or the applicable statute of limitations.

**IV.**

The defendants argue that Counts 2 and 3 fail to plead any plausible entitlement to relief. ECF Nos. 50, 59, 71. In Count 2, pointing to the new allegations in this case, the plaintiff contends that the defendants committed fraud upon the court and perjury in violation of various state and federal laws. FAC ¶ 307. However, viewed in context, the new allegations show only that: (1) in May 2019, the 32BJ Pension Fund erroneously sent one letter to the plaintiff and promptly notified the plaintiff of the error when contacted by the plaintiff; (2) in 2020, the plaintiff visited the 32BJ Union office where an officer told the plaintiff that he was not covered by the CBA; and (3) in May 2021, the plaintiff received information about 32BJ Local's supplemental retirement savings plan.

These facts do not allege plausibly that any fraud on the court or perjury occurred. Because Vayani I determined that the plaintiff was not a member of the 32BJ Local union and thus not covered by the CBA, the only plausible interpretation of the

13

2019 letter is that it was sent in error, and that the defendants' July 2019 explanation was truthful. With respect to the 2020 visit, the plaintiff fails to explain why the interaction with the union officer, during which the officer told him that he was not covered by the CBA, lends support to his allegations of fraud on the court and perjury. And it is unsurprising that the plaintiff received savings plan information because the plaintiff himself alleges that $1,352 remains in his savings account. See FAC ¶ 145; Vayani I, 2017 WL 3476046, at *3 n.5.

In Count III, pursuant to Federal Rule of Civil Procedure 60, the plaintiff requests that the judgment in the 2016 Action be set aside. FAC ¶ 308. "Pursuant to Rule 60(d), a court may 'entertain an independent action to relieve a party from a judgment,' Fed. R. Civ. P. 60(d)(1), or 'set aside a judgment for fraud on the court,' Fed. R. Civ. P. 60(d)(3)." LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182 (2d Cir. 2010) (summary order). "To obtain equitable relief through an independent action under Rule 60(d), a claimant must '(1) show that it has no other available or adequate remedy; (2) demonstrate that its own fault, neglect, or carelessness did not create the situation for which it seeks equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief.'" Id. (quoting Campaniello

14

Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir.1997)). "While fraud on the court can support Rule 60(d) relief, such fraud must 'seriously affect the integrity of the normal process of adjudication.'" Id. (quoting Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir. 2010)). "This is because Rule 60(d) actions are warranted only when necessary 'to prevent a grave miscarriage of justice.'" Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).

For the reasons explained above, the plaintiff has failed to plead plausibly that the defendants committed any fraud, much less any fraud that seriously affected the integrity of the normal process of adjudication. Moreover, "a party may not use a Rule 60 motion as a means to relitigate a case." Ptak Brothers Jewelry v. Ptak, No. 6-cv-13732, 2011 WL 253424, at *3 (S.D.N.Y. Jan. 25, 2011); see also Sieck v. Russo, 869 F.2d 131, 135 (2d Cir. 1989) (affirming the denial of a Rule 60 motion where accusations of fraud "relate[d] to the underlying cause of action and in no way r[o]se to the level of a fraud upon the court"). Accordingly, the plaintiff's request for relief pursuant to Rule 60(d) fails.[6] Therefore, Counts 2 and 3 must be **dismissed** for failure to plead a viable claim to relief.

---

[6] Count 3 also seeks relief pursuant to Rule 60(e), but that section abolished certain bills and writs; thus, Rule 60(e) is not a basis for relief. See Fed. R. Civ. P. 60(e).
    In Count 3, the plaintiff also seeks to impose sanctions on the defendants and the defendants' attorneys pursuant to 18 U.S.C. § 1920 and 28

V.

The Employer Defendants also move to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). ECF No. 58. Although courts "traditionally treat personal jurisdiction as a threshold question to be addressed prior to consideration of the merits of a claim, that practice is prudential and does not reflect a restriction on the power of the courts to address legal issues." ONY, Inc. v. Cornerstone Therapeutics, Inc., 720 F.3d 490, 498 n.6 (2d Cir. 2013). "In cases involving multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action," courts can proceed "directly to the merits on a motion to dismiss." Id. Similarly, where claims are dismissed pursuant to Rule 12(b)(6), the parties' arguments for dismissal pursuant to Rules 12(b)(4) and 12(b)(5) need not be considered. See Close v. Bedford Cent. Sch. Dist., No. 23-cv-4595, 2024 WL 3427213, at *4–5, *14 (S.D.N.Y. July 16, 2024); Lewis v. McGowen, No. 18-cv-0843, 2019 WL 142163, at *1 n.3 (S.D. Cal. Jan. 8, 2019). Accordingly, the Employer Defendants' motion to

---

U.S.C. § 1927. Liberally construed as a request for a criminal referral, for the reasons explained above, the plaintiff's request pursuant to 18 U.S.C. § 1920 is without merit. And 28 U.S.C. § 1927 is inapplicable because the defendants have not "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." See 28 U.S.C. § 1927.

dismiss pursuant to Rules 12(b)(2), (4), and (5) is **denied** as moot.

## VI.

Recognizing pro se litigants' "lack of legal training," courts "liberally constru[e] pro se submissions" and afford "special solicitude" to "pro se litigants." See Triestman, 470 F.3d at 475. However, courts do "not excuse frivolous or vexatious filings by pro se litigants." Id. at 477.

Because the plaintiff's claims must be dismissed with prejudice, it is unnecessary to reach the defendants' arguments that the FAC fails to comply with Rule 8 of the Federal Rule of Civil Procedure. Rule 8(a)(2) provides that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

However, the defendants rightfully contend that the plaintiff has submitted prolix filings in this case. Namely, the FAC totals 304 pages and alleges at least thirty causes of action. Moreover, with respect to the briefing of the present motions, each of the plaintiff's three memoranda of law exceeded 100 pages in length. See ECF Nos. 73–75. Thus, the plaintiff plainly violated this Court's Individual Practice Rule II.D, which limits memoranda of law in civil cases to 7,000 words or fewer. Despite the important "policy of liberally construing pro se submissions," the plaintiff is reminded that courts will "not

excuse frivolous or vexatious filings by pro se litigants," nor will a party's pro se status "exempt [them] from compliance with relevant rules of procedural and substantive law." Triestman, 470 F.3d at 475, 477.[7]

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendants' respective motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are **granted**.

Generally, leave to amend should be freely granted. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend should be granted in the absence of "evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000). For the reasons explained above, any amendment would be futile and would cause undue prejudice to the defendants. See, e.g., Jean-Baptiste v. Smith, No. 23-cv-10466, 2023 WL 8603044, at *3 (S.D.N.Y. Dec. 11, 2023). The FAC is therefore **dismissed with prejudice**.

The Clerk is directed to enter judgment dismissing this case with prejudice. The Clerk is also directed to close all

---

[7] The motion by the Employer Defendants to strike the plaintiff's memorandum in response to the Employer Defendants' memorandum, ECF No. 76, is **denied** as moot.

pending motions and to close this case. The Clerk should mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and note service on the docket.

SO ORDERED.

Dated:    New York, New York
         February 5, 2025

                                    _____
                                         John G. Koeltl
                                    United States District Judge